IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TYELER COOPER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

    Defendants

---

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Tyeler Cooper, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against OFS 2 Deal 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX Inc. and KLX Energy Services LLC, d/b/a Vision Oil Tools and Vision Energy Services (collectively, "Vision").

**STATEMENT OF THE CASE**

1.    The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working

hours.  Vision violated these laws by failing to: 1) compensate employees at "time and one-half" their regular rate of pay for all overtime hours worked; and 2) ensure that employees received paid rest breaks during their shifts.  This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Vision for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a current employee of Vision, is an individual and resident of the State of Colorado.

3. Defendant OFS 2 Deal 2, LLC, is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 2700 Post Oak Boulevard, Suite 1400, Houston, Texas 77056.  OFS 2 Deal 2, LLC was formerly known as Vision Oil Tools, LLC until, on information and belief it and/or its assets were acquired by Defendant KLX Energy Services LLC.  At all times relevant to this action, OFS 2 Deal 2, LLC has been located in and has conducted business in the State of Colorado.

4. Defendant KLX Energy Services LLC is a limited liability company organized under the laws of the State of Delaware with its corporate office located at 2700 Post Oak Boulevard, Suite 1400, Houston, Texas 77056.  KLX Energy Services LLC is the parent and/or successor to Vision Oil Tools, LLC and OFS 2 Deal 2, LLC.  KLX Energy Services does business as Vision Oil Tools and/or Vision Energy Services and, at all times relevant to this action, has been located in and has conducted business in the State of Colorado.

5. Defendant KLX Inc. is a corporation organized under the laws of the State of

Delaware with its corporate office located at 1300 Corporate Center Way, Wellington, Florida 33414.  On information and belief, KLX Inc. is the parent company of KLX Energy Services LLC and, at all times relevant to this action, has been located in and has conducted business in the State of Colorado.

6. Defendants are joint employers within the meaning of the FLSA.

7. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

8. Vision provides technical services and associated rental equipment to the energy sector in the North Dakota (Williston/Bakken) and Rocky Mountain regions.  Plaintiff works for Vision as a "hand" at various locations in Colorado and is paid a salary along with a "day rate" or "day bonus".

9. Although Plaintiff was required to work more than twelve (12) hours per day and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for overtime hours.  No overtime exemption applies to Plaintiff.  Vision also failed to ensure that Plaintiff received the rest breaks mandated by state law.

10. Vision employs numerous hands performing oil field service work and compensated, like Plaintiff, with a salary and bonus.  These hands performed primarily manual labor and are non-exempt under federal and state law.  On information and belief, none of Vision's non-exempt employees were paid properly for their time worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER NON-EXEMPT VISION EMPLOYEES: 1) WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED; AND/OR 2) WHO WERE NOT PROVIDED PAID REST BREAKS.

12. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds fifty.

   b. Numerous questions of law and fact regarding the liability of Vision are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Vision's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is

represented by experienced class action counsel.

13. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subject to Vision's common practice, policy or plan regarding employee wages and hours.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)

14. Plaintiff incorporates by reference all of the above paragraphs.

15. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the FLSA.

16. Each Defendant is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

17. At all relevant times, each Defendant has had gross annual volume of sales in excess of $500,000.

18. At all relevant times, each Defendant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

19. Plaintiff was an employee of Defendants within the meaning of the FLSA from October 15, 2014 to present.

20. While employed by Defendants, Plaintiff was engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA.

21. As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

22. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

23. Plaintiff incorporates by reference all of the above paragraphs.

24. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

25. At all relevant times, each Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

26. Plaintiff was an employee of Defendants within the meaning of the Wage Claim Act from October 15, 2014 to present.

27. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

28. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all unpaid rest breaks and

overtime hours worked that were not compensated properly. This demand for payment is continuing and is made on behalf of any current Vision employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
### (Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq*.)

29. Plaintiff incorporates by reference all of the above paragraphs.

30. At all relevant times, each Defendant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

31. At all relevant times, each Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

32. Plaintiff was an employee of Defendants within the meaning of the Minimum Wage Act from October 15, 2014 to present.

33. As a result of the foregoing conduct, as alleged, each Defendant has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

34. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

35. Plaintiff incorporates by reference all of the above paragraphs.

36. Defendants were contractually obligated to pay Plaintiff and Class Members in

accordance with state and federal wage and hour laws. Although Plaintiff and Class Members complied with all conditions precedent and performed their obligations under the contract, Defendants breached the contract as described herein.

37. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

38. As part of discovery, Plaintiff will be requesting certain documents and information from Defendants. Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Defendants as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and

moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of June, 2015.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## **DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id*. at Standard 29.

Various kinds of electronic data and other documents will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium and to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding not to pay the overtime premium or to not provide paid rest breaks;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the Fair Labor Standards Act and/or state laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.