**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01291-RM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

    Defendants.

---

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

---

Plaintiff Tyeler Cooper ("Plaintiff") and Defendants OFS 2 DEAL 2, LLC f/k/a Vision Oil Tools, LLC, KLX Inc., and KLX Energy Services LLC (collectively, "Defendants") hereby request approval of their executed Settlement Agreement and Release (the "Settlement Agreement").[1]  Because Plaintiff's claims arise in part under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Court must approve the parties' settlement before the release of claims set forth in the Settlement Agreement will be binding.  Therefore, the parties jointly move the Court to enter an order approving their settlement.

---

[1] Defendants will attach the Settlement Agreement as an exhibit to their Motion for Leave to File Under Seal, which pursuant to the Court's February 4, 2016 Order must be refiled on or before February 12, 2016. (ECF. No. 70.)  The Settlement Agreement will be filed as a restricted document and, pursuant to the Court's Order, will be subject to restriction until the Motion for Leave to Seal is determined by the Court. (*Id.*)

## I.  ARGUMENT

**A.     Legal Standard.**

There are two ways in which claims arising under the FLSA may be released by employees.  First, § 216(c) of the FLSA allows employees to release their FLSA claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of the Department of Labor to ensure fairness to the employee.  *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court determines the settlement provides "fair and reasonable resolution of a bona fide dispute . . . ."  *Lynn's Food Stores*, 679 F.2d at 1353; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. In fact, where "the settlement resulted from arm's length negotiations between experienced counsel after significant discovery had occurred, the Court may presume the settlement to be fair, adequate, and reasonable." *Lucas v. Kmart Corp.,* 234 F.R.D. 688, 693 (D. Colo. 2006); *see also Whittington v. Taco Bell of Am., Inc.,* 2013 WL 6022972 (D. Colo. 2013) citing *In re BankAmerica Corp. Secs. Litig*., 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court . . . should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.")

B.     Factual Background.

In April 2014, Defendant OFS 2 Deal 2, LLC, formerly known as Vision Oil Tools, LLC, ("Vision") was acquired by Defendant KLX Energy Services LLC ("KLX"). After the acquisition, KLX continued Vision's business of renting and operating specialized equipment for customers working in the Colorado oil fields. Plaintiff, a former employee of KLX, was a "fishing tool specialist." In that capacity, Plaintiff delivered, installed, operated and performed maintenance on equipment for KLX customers. For his work, Plaintiff was paid a salary and a day rate but did not receive overtime premium pay when he worked overtime hours. As a result, on June 18, 2015, Plaintiff filed this putative class and collective action against Defendants to recover unpaid overtime on behalf of himself and other similarly situated employees.

After service of the lawsuit, KLX moved to compel arbitration citing an arbitration agreement under which Plaintiff and the putative class members purportedly waived their right to

participate in a class or collective action. After Plaintiff raised fact issues regarding the validity of the arbitration agreement, the parties agreed to discuss settlement.

To facilitate settlement, Plaintiff and Defendants began to engage in the exchange of discovery information. As a result of this discovery, it was determined that there were only a handful of potential class members in Colorado, *i.e.*, individuals who were paid like Plaintiff and who Plaintiff contended did not receive required overtime pay. Plaintiff and Defendants therefore agreed to discuss a settlement on behalf of Cooper and 17 other current and former Vision and KLX employees (the "Class Members").

The parties then began exchanging information regarding each of the Class Members in order to estimate their damages. Although the rates of pay and length of employment for the Class Members were not in dispute, the parties did dispute: 1) the number of overtime hours worked; 2) the applicable statute of limitations; and 3) the availability of FLSA liquidated damages and/or state law penalties. Therefore, once all necessary payroll data and other discovery information was exchanged, the parties conducted a mediation before Adrienne Fechter, an experienced FLSA mediator.

After a day-long mediation, the parties had not reached an agreement. As a result, Ms. Fechter made a "mediator's proposal" for the parties to consider. Ultimately, the parties agreed to accept the proposal and finalize a settlement, as described in the Settlement Agreement.

**C.   Settlement Terms**

The Settlement Agreement provides that, on approval, a Claims Administrator will send notice of the settlement to the 17 Class Members identified at Exhibit C of the Settlement Agreement. Fourteen of the Class Members remain employed by KLX. For the remaining 3 Class

Members, the Claims Administrator will conduct "skip tracing" if last known contact information proves insufficient.  Cooper, of course, was notified of the settlement and has agreed to the terms of the settlement by executing the Settlement Agreement.

The form of notice to be sent to the Class Members is attached as Exhibit A to the Settlement Agreement.  The notice informs each Class Member of the basic terms of the Agreement as well as the specific amount of compensation to be paid to the Class Member receiving the notice.  Those Class Members who opt-in to the settlement will receive their payments within 20 days of the closing of the opt-in period, or as soon as reasonably practicable.  Note that this settlement does not involve a class action under FED. R. CIV. PROC. 23.  Consequently, the settlement affects only those individuals who affirmatively elect to join the settlement and does not impact the rights of non-parties.

Under the Settlement Agreement, Defendants agree to pay the total settlement sum reflected in the Settlement Agreement, exclusive of certain taxes and the costs of settlement administration.  The Settlement Agreement provides that slightly less than one-third of the settlement fund will be paid to Plaintiff's counsel for both attorney's fees and costs, that some amount will be paid to Plaintiff as an incentive award, and that the remaining balance will be paid to Plaintiff and the other 17 Class Members pursuant to a formula that takes into account various factors and assumes each worked 15 overtime hours per compensated[2] week within the two year FLSA statute of limitations.

---

[2] Since Class Members did not work overtime hours every week, the Settlement Agreement assumes 72% of their actual workweeks were overtime weeks.

### D. The Settlement Is a Fair and Reasonable Resolution of a Bona Fide Dispute.

#### 1. A *Bona Fide* Dispute Existed Between the Parties.

The parties' claims and defenses raise *bona fide* issues of fact and law such as the following:

    a)    Was Plaintiff prohibited from pursuing a class or collective action due to an arbitration agreement?

    b)    Were other Class Members barred from participating in a class or collective action due to an arbitration agreement?

    c)    Did any overtime exemptions apply?

    d)    How many hours of overtime were worked by Plaintiff and Class Members?

    e)    If Defendants failed to pay all required overtime, are they liable to Plaintiff and Class Members for liquidated damages under the FLSA?  State law penalties?

    f)    What is the proper measure of damages?

    g)    What is the appropriate statute of limitations?

The contested nature of these issues demonstrates that there was a *bona fide* dispute between the parties.

#### 2. The Proposed Settlement Is Fair and Reasonable.

The Settlement Agreement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of (1) providing substantial relief to Plaintiff and Class Members, and (2) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits.  Such negotiations allowed the parties to bridge the significant gap between the parties' settlement positions and obtain the resolution described.

Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing Courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).  Moreover, the Settlement Agreement was negotiated through the efforts of an experienced wage and hour mediator.  In fact, the actual settlement amount was proposed by the mediator as her impartial and objective evaluation of a fair settlement figure.

The Settlement Agreement also is fair and reasonable because significant obstacles exist if litigation continues and the settlement offers substantial and immediate relief.  Given the small size of the class, Plaintiff believes that Rule 23 class certification was unlikely and, in any event, Plaintiff has not yet moved for class or collective action certification.  Therefore, Plaintiff's ability to represent all 17 Class Members remains a disputed issue, particularly in light of the class waiver in the purported arbitration agreement.  Of course, even if a collective action were certified, representation of all 17 Class Members would be uncertain given that 14 are current KLX employees who, in order to receive any compensation, would have to elect to join an uncertain lawsuit against their employer.  Here, the uncertainty is eliminated and all these employees have to do is claim their settlement payment.  Moreover, even if a class ultimately was certified, such proceedings were likely to take 9 months or more, which would then be followed by additional time to litigate the case.  During this time, the Class Members' potential damages likely would have been diminished further due to the running of the FLSA statute of limitations, which continues to run until an employee affirmatively "opts in" to the lawsuit.  29 U.S.C. § 216(b).  In contrast, the Settlement Agreement brings immediate and substantial compensation to the Class Members without the need for Plaintiff to litigate threshold certification issues.

7

Even assuming Plaintiff could have circumvented the arbitration and certification issues, Defendants' liability and the amount of damages remains uncertain. The Settlement Agreement, however, brings substantial value to the Class Members by assuming that each worked 15 hours of overtime per week and pays damages that equal approximately 140% of the amount of unpaid overtime during the two-year FLSA statute of limitations. This accounts for the Class Members' base unpaid overtime as well as an additional amount for FLSA liquidated damages.

The attorneys' fees are reasonable and fair as well. The contingency payment of slightly less than one-third of the fund is well within the reasonable amount for such fees, particularly since costs are included. *See Howard v. J&A Services, L.L.C.,* Case No. 1:12-cv-02987-RM-MJW, Docket Nos. 89 and 96 (D. Colo.) (Judge Moore awarding 40% contingency fee plus litigation expenses in FLSA collective action); *Vaszlavik v. Storage Technology Corp.*, 2000 WL 1268824, *4 (D. Colo. Mar. 9, 2000) (noting that a contingency fee award "in the middle of the ordinary 20%–50% range is presumptively reasonable"); *Whittington v. Taco Bell of Am., Inc.*, 2013 WL 6022972 (D. Colo. 2013) (approving a contingency fee and expense award totaling 39% of the total settlement fund); *Construction, Inc. v. National Council on Compensation*, 1993 WL 355466, at *2 (W.D. Okla. 1993) (noting that "[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis").

The Settlement Agreement also is fair because it provides for a reasonable incentive award to Plaintiff for serving as the class representative. The Settlement Agreement calls for a modest incentive award, which is consistent with sums typically awarded in collective and class action settlements. *Whittington*, 2013 WL 6022972, at *6 (approving "very modest" incentive award of $7,500); *Tennille v. W. Union Co.*, 2013 WL 6920449, at *14 (D. Colo. 2013) (approving incentive

8

award of $7,500). Plaintiff has been part of this lawsuit since its inception and was instrumental in identifying the alleged wage violations and building the case. He spent substantial time communicating with class counsel regarding case developments and assisted counsel in understanding Defendants' business. Moreover, Plaintiff's agreement to bring this suit as a class and/or collective action significantly delayed (and continues to delay) his receipt of compensation. Counsel believes Plaintiff's claims could have been settled long ago if not for the complicating aspect of class allegations. Finally, the Settlement Agreement releases all possible causes of action by Plaintiff whereas the Class Members are only releasing wage and hour claims.

Accordingly, the parties respectfully request that this court approve their Settlement Agreement.

Respectfully submitted this 4th day of February, 2016.

| | |
|---|---|
| *s/ Brian D. Gonzales* | *s/ Talley R. Parker* |
| Brian D. Gonzales | Dan Hartsfield |
| THE LAW OFFICE OF | Talley R. Parker |
| BRIAN D. GONZALES, PLLC | JACKSON LEWIS P.C. |
| 123 North College Avenue, Suite 200 | 500 N. Akard, Suite 2500 |
| Fort Collins, CO 80524 | Dallas, Texas 75201 |
| BGonzales@ColoradoWageLaw.com | dan.hartsfield@jacksonlewis.com |
| | talley.parker@jacksonlewis.com |
| ***ATTORNEYS FOR PLAINTIFF*** | |
| | **ATTORNEYS FOR KLX DEFENDANTS** |
| | |
| | *s/ Michael Rose* |
| | Michael Rose |
| | Michael R. Abrams |
| | LOCKE LORD LLP |
| | 600 Travis Street, Suite 2800 |
| | Houston, Texas 77002-3095 |
| | mabrams@lockelord.com |
| | mrose@lockelord.com |
| | |
| | **ATTORNEYS FOR OFS DEFENDANT** |

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 4th day of February, 2016, I served a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** with the Clerk of the Court via CM/ECF, which will send an email notification to the following:

Brian D. Gonzales
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado 80524

*Attorney for Plaintiff*
*Tyeler Cooper*

J. Michael Rose
Michael Abrams
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095

-and-

Philip W. Bledsoe
Joseph T. VanLandingham
POLSINELLI PC
1515 Wynkoop, Suite 600
Denver, Colorado 80202

*Attorney for Defendant*
*OFS 2 Deal 2, LLC*

            /s/ Talley R. Parker
            Talley R. Parker