DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01291-RPM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

      Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

      Defendants.

---

## SETTLEMENT AGREEMENT AND RELEASE

1.    This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Tyeler Cooper ("Cooper"), OFS 2 DEAL 2, LLC f/k/a Vision Oil Tools, LLC ("Vision"), KLX Inc., and KLX Energy Services LLC (KLX Inc. and KLX Energy Services LLC are collectively referred to as "KLX") (collectively, the "Parties"), subject to the approval of the Court.

## RECITALS

2.    On June 18, 2015, Cooper commenced an action by filing a Class and Collective Action Complaint in the United States District Court for the District of Colorado captioned *Tyeler Cooper v. OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies*, No. 1:15-cv-01291-RPM-NYW.

3.    Cooper, individually and on behalf of the Settlement Class (as defined below) in the Action (as defined below), asserts that Defendants (as defined below) violated the Fair Labor Standards Act ("FLSA"), the Colorado Wage Claim Act ("CWCA"), and the Colorado Minimum Wage Act ("CMWA"), as implemented by the Colorado Minimum Wage Order ("MWO"). Cooper and the putative class members seek to recover alleged unpaid overtime compensation for workweeks in which they worked in excess of 40 hours and unpaid compensation for rest breaks.

4.    On December 16, 2015, the Parties participated in mediation before an experienced mediator, Adrienne Fechter.  Pursuant to the mediation and the Parties' agreed-upon alternative dispute resolution ("ADR") process, Defendants provided Class Counsel (as defined

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

below) with extensive wage and hour data, which Class Counsel reviewed and analyzed prior to the mediation.

5. As a result of the mediation and subsequent arms'-length negotiations overseen by the mediator, the Parties have agreed to settle the Action according to the terms of this Settlement Agreement.

6. Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Class Counsel has considered: (a) the facts developed during the Parties' ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Cooper has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Cooper and the Settlement Class to settle their claims against Defendants pursuant to the terms set forth herein.

7. Defendants deny the allegations in the Action and deny that they engaged in any wrongdoing or violation of law. Defendants are entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this Settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in the Action or any other case.

8. The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants approval of it and the Settlement becomes effective.

9. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

10. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Cooper and the Eligible Class Members' (as defined below) claims against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

## DEFINITIONS

11.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Action" means the action captioned *Tyeler Cooper v. OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies*, Case No. 1:15-cv-01291-RPM-NYW, pending in the United States District Court for the District of Colorado.

b.     "Approval Order" means the Court's Approval Order approving the terms and conditions of this Agreement.

c.     "Class Counsel" means The Law Offices of Brian D. Gonzales, PLLC.

d.     "Class Period" means June 18, 2012 to December 31, 2015.

e.     "Court" means the United States District Court for the District of Colorado.

f.     "Defendants" means OFS 2 DEAL 2, LLC; KLX Inc.; and KLX Energy Services LLC.

g.     "Eligible Class Member" means all Settlement Class Members who timely opt-in to the Settlement Class.

h.     "Effective Date" means the first business day following the Court's approval of the Settlement.

i.     "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services rendered to Cooper and the Settlement Class in the Action.

j.     "Gross Settlement Amount" means the maximum amount that Defendants shall pay in exchange for the release of all Released Claims (as defined below) by Cooper and the Eligible Class Members, which is the sum of ████████████████████ ███████████, excluding the employers' share of FICA and FUTA payroll taxes and the Settlement Administrator's (as defined below) costs related to administering this Settlement.

k.     "KLX's Counsel" means Jackson Lewis P.C.

l.     "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to ███████ to be paid to Cooper, which includes Cooper's alleged wage-related damages, alleged liquidated damages, alleged penalties and a ████████ Service Award for his efforts in bringing and prosecuting the Action and moreover, in exchange for his additional Released Claims executed in favor of Defendants as set forth in Paragraph 12(a), below; and (ii) the payment of costs and attorneys' fees to Class Counsel, not to exceed ████████████████

3

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

███████████████████, which is slightly less than one-third of the Gross Settlement Amount. The Parties acknowledge that all of these amounts are subject to the Court's approval.

m. "Notice Deadline" means the date sixty (60) days after the Notice of Settlement and the Settlement Consent Form are initially mailed by the Settlement Administrator to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Settlement Consent Form.

n. "Notice of Settlement" means the notice to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

o. "Parties" means Cooper, Vision, and KLX.

p. "Plaintiff" or "Cooper" means Tyeler Cooper.

q. "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA, the CWCA, the CMWA, the MWO, or any other state or local wage-related law, during the Class Period. The Parties acknowledge that only Settlement Class Members who return a Settlement Consent Form (thereby becoming Eligible Class Members and receiving their Settlement Award check) shall release their FLSA, CWCA, CMWA, MWO, and other state or local wage and hour law claims against Releasees.

r. "Releasees" means Defendants and their past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

s. "Settlement Administrator" means ILYM Group, Inc., subject to the approval of the Court.

t. "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

u. "Settlement Class" or "Settlement Class Member" means all individuals identified on Exhibit C.

v. "Settlement Consent Form" means the form attached hereto as Exhibit B, subject to the approval of the Court.

w. "Vision's Counsel" means Locke Lord LLP.

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

## RELEASES

12.   **Release**.   In consideration of the benefits to be received by Cooper and the Eligible Class Members under this Settlement, upon the Effective Date:

  a.   Cooper shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Approval Order, however claims for workers' compensation are excluded from the scope of this release;  and

  b.   Each Eligible Class Member shall be deemed to have released and discharged the Releasees from the Released Claims.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

13.   The Parties agree to the following procedures for obtaining approval of the Settlement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this Settlement:

  a.   **Request for Class Certification and Approval Order**.  Within five (5) business days after the execution of this Agreement, Cooper shall file a Motion for Approval of Settlement Agreement, requesting that the Court approve the Settlement, certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and approve the Notice of Settlement and Settlement Consent Form attached hereto as Exhibits A and B.

  b.   **Notice**.  The Settlement Administrator shall be responsible for preparing, printing and mailing the Notice of Settlement and Settlement Consent Form to all Settlement Class Members.

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

    c.    Within five (5) business days after the Approval Order, Defendants shall provide the Settlement Administrator with the names, last known addresses, last known telephone numbers, last known email addresses (if applicable), and social security numbers of all Settlement Class Members (the "Class List").

    d.    In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Notice of Settlement and Settlement Consent Form, will run the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA").

    e.    Within ten (10) business days after receiving the Class List, the Settlement Administrator shall send copies of the Court-approved Notice of Settlement and Settlement Consent Form to all Settlement Class Members via U.S. first class mail and email, if available, with an enclosed self-addressed postage prepaid return envelope.

    f.    Any Notice of Settlement and Settlement Consent Form returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within five (5) business days following receipt of the returned mail.  If any Notice of Settlement and Settlement Consent Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces or email or telephone communications to search for the correct address within five (5) business days, and shall re-mail the Notice of Settlement and Settlement Consent Form to any newly found addresses within five (5) business days of finding the new address(es).

    g.    Nothing in this Agreement shall limit Defendants' right and ability to communicate with their current employees, including those who are Settlement Class Members, regarding their wages or other terms and conditions of employment.  Defendants may communicate with their current employees who are Settlement Class Members for the purpose of encouraging them to participate in the Settlement, so long as such communications are consistent with this Settlement Agreement.  Defendants shall not interfere or discourage any Settlement Class Member from participating in the Settlement and/or claiming a Settlement Award. Defendants shall not retaliate against any Settlement Class Member who claims a Settlement Award.

14.    **Interim Report by the Settlement Administrator**.  Within five (5) business days after the Notice Deadline, the Settlement Administrator shall confirm (a) the total number of Settlement Class Members who were sent the Notice of Settlement and Settlement Consent Form; and (b) the total number of Settlement Class Members who timely returned the Settlement Consent Form.

15.    **Court Filings Shall be Under Seal**.  The Parties agree that this Settlement shall be confidential, subject to approval of the Court.  All filings and hearings related to the Settlement shall be under seal, subject to approval of the Court.  Defendants shall be responsible for all filings necessary to obtain such approval and file under seal.

16.    **Dismissal of the Action**.  Within ten (10) business days of the Settlement Administrator providing written certification of the mailing of the Settlement Awards to Eligible

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

Class Members, Class Counsel shall dismiss the Action with prejudice, unless Class Counsel notifies Defendants that one or more Eligible Class Members have not received their Settlement Award. In that event, the Settlement Administrator shall take steps to ensure the Eligible Class Member receives the Settlement Award prior to the Action being dismissed.

## SETTLEMENT FUNDS AND AWARD CALCULATION

17.     **Gross Settlement Amount**.

    a.     **Deposit**.     Within five (5) business days after the Effective Date, Defendants will wire the Gross Settlement Amount to the Settlement Administrator. Upon receipt by the Settlement Administrator, these funds shall be transferred immediately to a Qualified Settlement Fund satisfying the requirements of Treasury Regulation Section 1.468B-1. The Settlement Administrator shall provide Defendants with a Section 1.468B-1 Relation Back Election that meets the requirements of Regulation Section 1.468B-1(j)(2) within five (5) business days after receipt of the funds. Defendants shall execute and return this document to the Settlement Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

    b.     **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

    c.     **Interest**. The interest on the funds deposited by Defendants will inure *pro rata* to the Party or persons to whom the underlying funds are ultimately paid out.

18.     **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

    a.     **Service Award to Cooper** . Subject to the Court's approval, Cooper shall receive ████████████████████ for his efforts in bringing and prosecuting the Action, and in consideration of his general release set forth above in Paragraph 12(a). The Qualified Settlement Fund shall issue an IRS Form 1099 for this payment. Cooper shall be solely and legally responsible for all taxes on the Service Award. This payment shall be made within seven (7) business days after the Effective Date.

    b.     **Attorneys' Fees and Costs**.

        (i)     Subject to the Court's approval, Class Counsel shall receive attorneys' fees and costs in an amount up to ████████████████████ of the Gross Settlement Amount (slightly less than one-third), which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. The payment of attorneys' fees and costs shall be made within seven (7) business days after the Effective Date.

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

(ii)     The attorneys' fees paid by Defendants pursuant to this Agreement shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees in the Action on behalf of Cooper and/or any Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees to which any of them may claim to be entitled on behalf of Cooper or any Settlement Class Member.

(iii)     An IRS Form 1099 shall be provided to Class Counsel for the payment made to Class Counsel.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to it.

c.     **Settlement Awards to Eligible Class Members.**  Settlement Awards shall be made to Eligible Class Members as set forth below.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

19.     **Settlement Award Eligibility.**  Cooper and all Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount in the amounts set forth on Exhibit C. All Settlement Award determinations are based on Defendants' payroll and workweek information for Settlement Class Members which have been produced to Class Counsel. Defendants represent and warrant that the wage and hour data and Settlement Class Member information shown on Exhibit C and provided to Class Counsel during settlement negotiations, mediation and ADR is true and accurate to the best of Defendants' knowledge, information and belief.

20.     Fifty percent (50%) of each Settlement Award to Eligible Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and Defendants shall pay the employer's share of all required FICA and FUTA taxes on such amounts.  Withholding shall be at the 25% supplemental wage tax rate.  Defendants shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Eligible Class Members, in addition to the Gross Settlement Amount.  Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities.  The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes.  Each Eligible Class Member shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award.  Defendants shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the IRS Form 1099 reporting for the non-wage portion of each Settlement Award.

21.     The Settlement Administrator shall provide counsel for the Parties with a final report of all proposed Settlement Awards, at least ten (10) business days before the Settlement Awards are mailed.

8

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

22.     The Settlement Administrator shall mail all Settlement Awards to Eligible Class Members within twenty (20) days after the Notice Deadline or as soon as reasonably practicable. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within five (5) business days of mailing all Settlement Awards to Eligible Class Members.

23.     All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund. The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled and deemed void and of no further effect.

24.     **Remaining Monies**. If at the conclusion of the 180-day check void period set forth above, there are any monies remaining in the Qualified Settlement Fund, those monies shall be paid to Defendants.

25.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against Defendants or the Releasees, Cooper, the Settlement Class Members, Class Counsel, Vision's Counsel, KLX's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

26.     **Defendants' Legal Fees.** Defendants' legal fees and expenses in the Action shall be borne by Defendants.

27.     **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement. If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed, and Defendants will pay the Settlement Administrator's costs incurred as of the date the Settlement becomes null and void.

28.     **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

29.     **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

30.   **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

31.   **Amendment or Modification.**   This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

32.   **Entire Settlement Agreement.**   This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.   All prior or contemporaneous negotiations, memoranda, agreements (including without limitation the Settlement Term Sheet), understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.   Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

33.   **Authorization to Enter Into Settlement Agreement.**   Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.   The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.   In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Adrienne Fechter first, or if she cannot resolve the matter, the Court to resolve such disagreement.

34.   **Binding on Successors and Assigns.**   This Agreement shall be binding upon, and inure to the benefit of Cooper, Defendants, the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

35.   **Counterparts.**   This Agreement may be executed in one or more counterparts, including by facsimile or email.   All executed counterparts and each of them shall be deemed to be one and the same instrument.

36.   **Cooperation and Drafting.**   The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.   The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

37.    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

38.    **Confidentiality of Material Provided to Class Counsel.** All materials provided by Defendants to Class Counsel or the Settlement Administrator shall be kept confidential and used only for purposes of administering the Settlement. No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, and on written request of Defendants' counsel, Class Counsel shall either destroy or return to Defendants' counsel the original and all copies of any documents designated as "confidential" that Defendants produced or provided to Class Counsel during the Action. If the documents marked "confidential" are destroyed, Class Counsel will notify Defendants' Counsel of the destruction in writing within five (5) business days of the destruction. Notwithstanding this provision, Class Counsel may retain a copy of all pleadings, matters of public record, and attorney work product.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:**        Tyeler Cooper        Date: 1/27/2016 , 2016

**CLASS**
**COUNSEL:**        Brian D. Gonzales        Date: January 29, 2016
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado 80524
970-212-4665 – Telephone
303-539-9812 – Facsimile

**DEFENDANTS:**        OFS 2 DEAL 2, LLC        Date: 2/4 , 2016

                Date: _____ , 2016
KLX Inc.

                Date: _____ , 2016
KLX Energy Solutions LLC

11

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

37. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

38. **Confidentiality of Material Provided to Class Counsel.** All materials provided by Defendants to Class Counsel or the Settlement Administrator shall be kept confidential and used only for purposes of administering the Settlement. No later than thirty (30) days after the time period for cashing checks constituting Settlement Awards, and on written request of Defendants' counsel, Class Counsel shall either destroy or return to Defendants' counsel the original and all copies of any documents designated as "confidential" that Defendants produced or provided to Class Counsel during the Action. If the documents marked "confidential" are destroyed, Class Counsel will notify Defendants' Counsel of the destruction in writing within five (5) business days of the destruction. Notwithstanding this provision, Class Counsel may retain a copy of all pleadings, matters of public record, and attorney work product.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____   Date: 1/27/2016 , 2016
Tyeler Cooper

**CLASS COUNSEL:** _____   Date: January 29, 2016
Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado 80524
970-212-4665 – Telephone
303-539-9812 – Facsimile

**DEFENDANTS:** _____   Date: _____, 2016
OFS 2 DEAL 2, LLC

_____   Date: 2/4 , 2016
KLX Inc.

_____   Date: 2/4 , 2016
KLX Energy Solutions LLC

11

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

**VISION'S**
**COUNSEL:** _____   Date: 2/4_____, 2016

Michael Rose
Michael R. Abrams
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
713-226-1200 – Telephone
713-223-3717 – Facsimile

**KLX'S COUNSEL:** _____   Date: 2/4/2016

Dan Hartsfield
Talley R. Parker
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
214-520-2400 – Telephone
214.520.2008 – Facsimile

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

# EXHIBIT A

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01291-RM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

      Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

      Defendants.

---

## <u>NOTICE OF SETTLEMENT</u>

*You are receiving this Notice of Settlement because you are entitled to a portion of the funds made available through this settlement. To submit your claim and accept your settlement, you need to complete and return the Settlement Consent Form attached to this Notice of Settlement by _____, 2016.*

**PLEASE READ THIS NOTICE CAREFULLY.**

<u>INTRODUCTION:</u>

Tyeler Cooper ("Cooper") filed this collective action lawsuit on behalf of himself and all other individuals who were employed OFS 2 DEAL 2, LLC f/k/a Vision Oil Tools, LLC ("Vision"), KLX Inc., and KLX Energy Services LLC d/b/a Vision Oil Tools and Vision Energy Services ("KLX") and who were misclassified as exempt and not compensated for all overtime hours worked and/or were not provided paid rest breaks. Cooper alleged that he and other employees were not paid in accordance with the Fair Labor Standards Act and state and local wage and hour laws and were owed back wages in the form of unpaid overtime for hours worked in excess of forty hours in a week and for unpaid rest breaks. Vision and KLX deny these allegations.

In an attempt to resolve the claims made by Cooper and current and potential Settlement Class Members, the parties engaged in mediation and reached a settlement. The Court has approved the settlement and authorized this Notice of Settlement to be distributed to the Settlement Class Members.

1

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

DESCRIPTION OF THE LITIGATION:

On June 18, 2015, Cooper commenced this collective action against Vision and KLX, seeking compensation under the Fair Labor Standards Act ("FLSA"), the Colorado Wage Claim Act ("CWCA"), and the Colorado Minimum Wage Act ("CMWA"), as implemented by the Colorado Minimum Wage Order ("MWO").  Cooper initially alleged these claims on behalf of himself and similarly situated operators.

On January 26, 2016, after months of discussions, exchanges of information, and negotiations, Cooper, his counsel, Vision, its counsel, KLX, and its counsel reached a proposed conditional settlement.

The parties disagree as to the probable outcome of the lawsuit with respect to liability and damages if it were not settled.  While Cooper was prepared to proceed with litigating the case described above, Cooper recognizes that litigation is risky and that he may not have prevailed on his claims.  Likewise, Vision and KLX recognize the risks, distractions, and costs involved with any litigation.

Through this Notice, Vision and KLX expressly deny any wrongdoing or liability in this matter.  The Court has made no finding of liability and is neutral in this matter, and is neither recommending nor discouraging this Settlement.  Nothing herein is to be construed as an admission of any of the claims made in this matter.

This Settlement is the result of good-faith, arms'-length negotiations between Cooper, Vision and KLX, through their respective attorneys.  The parties agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class Members.

The lead attorney for the Settlement Class Members in the Litigation is:

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado 80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

On _____ __, 2016, the Court approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

Each Eligible Class Member who timely returns a Settlement Consent Form will receive a Settlement Award in a timely manner based on the total number of weeks that the respective Settlement Class Member worked for Vision and/or KLX from June 18, 2013 to July 13, 2015 and each Settlement Class Member's average weekly compensation.  Based on this information, your Settlement Award will be $_____.

2

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

HOW TO RECEIVE YOUR SETTLEMENT PAYMENT:

If you wish to become an Eligible Class Member and receive your Settlement Award, you must complete, sign and mail the attached Settlement Consent Form to the Settlement Administrator **before** _____, **2016** at

[Insert Address]

WHAT HAPPENS IF I ACCEPT A SETTLEMENT PAYMENT:

By signing the Settlement Consent Form and accepting the Settlement Award, you are agreeing to release Vision, KLX, and their past, present and future parent companies, subsidiaries, predecessors, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers ("Releasees") from any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, rest break wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA, the CWCA, the CMWA, the MWO, or any other state or local wage-related law, during the period of June 18, 2012 to December 31, 2015.

IF YOU DO NOTHING:

If you do not submit a timely and properly completed Settlement Consent Form, you will not receive any proceeds under the Settlement and will not be bound by the Settlement.

ADDITIONAL INFORMATION:

This Notice of Settlement only summarizes the Litigation, the Settlement, and other related matters. For more information, you may review the Court's files which will be on file with the Clerk of the Court.

Any questions regarding this Notice of Settlement, the Settlement Consent Form, or the Settlement should be directed to Class Counsel at the above address and phone number. If your address changes, or is different from the one on the envelope enclosing this Notice of Settlement, please promptly notify the Settlement Administrator.

IF YOU CHANGE YOUR NAME AND/OR ADDRESS:

If, for future reference and mailings from the Class Counsel, you wish to change the name or address listed on the envelope in which the Notice of Settlement was first mailed to you, then you must provide this information to the Settlement Administrator. You may also note your address on the Settlement Consent Form.

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS CLASS NOTICE.

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

# **EXHIBIT B**

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01291-RM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

     Defendants.

---

## SETTLEMENT CONSENT FORM

According to OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC ("Vision"), KLX Inc. and/or KLX Energy Services LLC's ("KLX") records, you were employed by Vision and/or KLX _____ weeks from June 18, 2013 to July 13, 2015. Based on the number of weeks you were employed, and your average weekly compensation, your Settlement Award based on your pro rata share of the Net Settlement Amount will be $_____.

**TO BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS CONSENT FORM AND SEND IT TO THE SETTLEMENT ADMINISTRATOR, ATTN: VISION AND KLX OVERTIME SETTLEMENT, _____, TELEPHONE NUMBER: _____, FAX NUMBER: _____, EMAIL ADDRESS: _____ NO LATER THAN _____ [SETTLEMENT CONSENT FORM DEADLINE].**

If you have any questions about completing this Settlement Consent Form, please contact Class Counsel, Brian D. Gonzales, The Law Offices of Brian D. Gonzales, PLLC, 123 North College Avenue, Suite 200, Fort Collins, Colorado 80524, Telephone: 970-212-4665, Email: BGonzales@ColoradoWageLaw.com

By signing, dating, and submitting this Settlement Consent Form, you will be eligible to receive a Settlement Award as described in the attached Notice of Settlement in accordance with the parties Settlement Agreement and Release. You may use the enclosed addressed, pre-paid envelope to mail your Settlement Consent Form. This is the address/contact information we have on file for you:

     [Class Member Name]
     [Class Member Street Address]
     [Class Member City, State Zip Code].

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

If your current address is different, please provide it in the space below:

Name: _____
Address: _____
Address: _____
Phone: _____
Email: _____

By your signature below, you understand that you will have been deemed to have consented to join the referenced lawsuit and consented to assert any and all such claims in this litigation pursuant to Section 216(b) of the Fair Labor Standards Act and any state or local wage and hour laws, including but not limited to the Colorado Wage Claim Act, the Colorado Minimum Wage Act, and the Colorado Minimum Wage Order.  You also certify that you worked for Vision and/or KLX during the period of June 18, 2013 to July 13, 2015.  You understand that in order to receive payment you will be releasing the claims described in the attached Notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

_____
Signature

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

# <u>EXHIBIT C</u>

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01291-RM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

     Defendants.

---

## EXHIBIT C



1

DocuSign Envelope ID: 5CE71D12-D8D4-481C-B9C5-819F6F9EE40E



2