**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-01291-RM-NYW

TYELER COOPER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

OFS 2 DEAL 2, LLC, f/k/a Vision Oil Tools, LLC, a Colorado limited liability company, KLX INC. and KLX ENERGY SERVICES LLC, d/b/a Vision Oil Tools and Vision Energy Services, both Delaware limited liability companies,

    Defendants.

---

## ORDER

---

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement ("Joint Motion") (ECF No. 71) requesting approval of the parties' settlement of this case and potential future claims. This case arises, in part, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). After considering the Joint Motion, the court file, the arguments and representations of counsel at the hearing held March 10, 2016, and being otherwise fully advised, the Court approves the Joint Motion.

### I. BACKGROUND

Plaintiff is Defendants'[1] former employee who, among other things, installed and performed maintenance on equipment for Defendants' customers working in the Colorado oil fields. Plaintiff filed this Class and Collective Action Complaint against Defendants under the FLSA, the Colorado Wage Claim Act, § 8-4-101, *et seq.*, and the Colorado Minimum Wage Act,

---

[1] Plaintiff alleged Defendants are joint employers. Although such allegation is disputed, for ease of reference, all Defendants will be referred to as Plaintiff's employer.

C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order, seeking to recover unpaid overtime and unpaid compensation for rest breaks on behalf of himself and others similarly situated. Defendant OFS 2 Deal 2, LLC denied it was Plaintiff's employer and that it violated the FLSA. (ECF No. 20.) Defendants KLX, Inc. and KLX Energy Services, LLC filed a Motion to Compel arbitration arguing Plaintiff – and putative class members – had agreed to arbitrate their compensation-based claims and waived their right to participate in a class or collective action. After Plaintiff raised issues of fact regarding the validity of the arbitration agreement, the parties agreed to discuss settlement.

On January 27, 2016, the parties notified the court they had reached a settlement in principle and requested a stay of all deadlines. No request for conditional certification of a collective action had yet been filed with the court.

On February 4, 2016, the parties filed the Joint Motion and an Unopposed Motion for Leave to File Under Seal (the "Unopposed Motion") the parties' Settlement Agreement and Release and its exhibits (collectively, "Settlement Agreement"). The Unopposed Motion was denied without prejudice for failure to meet the requirements under the Local Rules and applicable law. (ECF Nos. 68, 70.)

Thereafter, the parties filed: (1) an Unopposed Motion for Leave to File Under Seal (the "Second Unopposed Motion") (ECF No. 73) seeking to restrict the Settlement Agreement under a Level 1 restriction; and (2) an unredacted copy of the Settlement Agreement (ECF No. 72), with a Level 1 restriction pending ruling on the Second Unopposed Motion. On March 10, 2016, the Court held a fairness hearing on the Joint Motion and on the requested sealing of the Settlement Agreement.

During the hearing, Defendants advised they have informally provided Plaintiff's counsel with the information he would have received had a conditional collective action been certified and had the parties engaged in discovery, *e.g.*, information as to the persons who would comprise the class and their wage and hour data. The parties advised they agreed that the named parties would settle their dispute, but the scope of the settlement would allow Defendants' other employees – who may have been within the scope of any collective action – to be given notice of the settlement and to join in the settlement, if they wish to do so. Such other employees consist of 17 individuals (the "Other Employees"), and *Plaintiff's counsel represented to the Court he would reach out to these other employees, answer their questions, and make sure they are aware of the settlement terms.* Despite the representation in the Settlement Agreement that the parties intended to do so (ECF No. 76, page 5, ¶ 13.a.), the parties did not seek and the Court did not grant certification of any "Settlement Class."

Also during the hearing, after consideration of the attorneys' representations and evaluating the issues under the applicable law, the Court granted leave to seal the unredacted Settlement Agreement but ordered the parties to file a redacted copy accessible by the public. The parties did so on March 11, 2016. The Court also advised the parties that it would issue a written order granting the Joint Motion. This Order does so.

**II.    LEGAL STANDARDS**

Courts have held that settlements of FLSA actions such as this one may require court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.*, Case No. 13-CV-01649, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). Approval should be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and

(3) the proposed settlement contains a reasonable award of attorneys' fees. *Lynn's Food Stores*, 679 F.2d at 1354; *Baker*, 2014 WL 700096 at *1.

### III.   ANALYSIS

#### A.   Whether a Bona Fide Dispute Exists

Parties requesting approval of an FLSA settlement should provide the Court with sufficient information to determine whether a bona fide dispute exists. *Baker*, 2014 WL 700096 at *1; *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-42 (M.D. Fla. 2010). "To meet this obligation, the parties must present: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage." *Baker*, 2014 WL 700096 at *1 (citing *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)).

In this case, the Court finds a bona fide dispute exists. Defendants provide technical services and associated rental equipment to the energy sector. Plaintiff worked for Defendants as a "hand" at various locations in Colorado and was paid a salary along with a "day rate" or "day bonus." (ECF No. 1 at ¶ 8; No. 71, page 3.) According to Plaintiff, although a non-exempt employee, he was required to frequently work more than twelve (12) hours per day and/or forty (40) hours per workweek, but was not compensated at the mandated time and one-half rate for overtime hours. In addition, Plaintiff claims Defendants failed to ensure that Plaintiff received the state law mandated rest breaks. (ECF No. 1 at ¶ 9.) Defendants dispute they violated any laws; Defendant OFS even disputes that it was Plaintiff's employer. The parties also dispute the

number of hours worked, the statute of limitations, and the availability of liquidated damages and state law penalties. (ECF No. 71 at 4.) Thus, the record shows there is a bona fide disagreement between the parties concerning the claims raised.

### B. Whether the Settlement is Fair and Reasonable

"To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee[] and must not frustrate the FLSA policy rationales." *Baker*, 2014 WL 700096 at *2. The Court considers several factors when evaluating the fairness of a settlement: "(1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Baker*, 2014 WL 700096, at *2 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002)); *see Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) (evaluating fairness of agreement under Fed. R. Civ. P. 23(e)(1)(C)).

Under the terms of the Settlement Agreement, Defendants agree to pay Plaintiff, and any of the Other Employees who decide to settle in accordance with the terms of the Settlement Agreement, a sum certain based on an agreed upon formula.[2] (ECF No. 71, pages 5 n.2 & 8.) According to the parties, they informally exchanged material information, they engaged in arms-length negotiations with legal representation and the assistance of an experienced wage and hour mediator, and it was the mediator's proposed settlement amount to which the parties ultimately agreed. (ECF No. 71, page 7.) Further, in the judgment of the parties, represented by experienced counsel, the settlement is fair and reasonable. Based on the foregoing, and the

---

[2] Plaintiff will also receive an additional "incentive award" for his time and efforts in prosecuting this action and for releasing all possible causes of action. The Other Employees who join in the settlement would release wage and hour claims, not all possible claims.

matters presented at the hearing, the Court finds the parties fairly and honestly negotiated the settlement, and such settlement is fair and reasonable in the judgment of the parties.

As for the second and third factors, the Court finds there are serious questions of law and fact which place the ultimate outcome of the litigation in doubt, and the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation. Here, there is uncertainty regarding Plaintiff's recovery due to, for example, whether certification was likely in light of the small size of any potential class and whether Plaintiff was precluded from filing suit in the first instance. (ECF No. 71, pages 6, 7.) In addition, even if a collective action were ultimately certified, that would likely have occurred after protracted litigation, and then further litigation of the issues would have followed. The Settlement Agreement, however, would bring immediate compensation to Plaintiff and those Other Employees who choose to join in the settlement.

Finally, the "Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power." *Baker*, 2014 WL 700096 at \*2. To determine whether the settlement agreement complies with the FLSA, the Court evaluates the following factors: "(1) the presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA." *Baker*, 2014 WL 700096 at \*2 (citing *Dees*, 706 F. Supp. 2d at 1244). The record shows there are potentially only 17 other similarly situated employees, and all will be provided notice of this lawsuit and the Settlement Agreement. Plaintiff is no longer employed by Defendants, and there is no evidence that his circumstances will recur or that Defendants have a history of non-compliance with the FLSA.

The Court recognizes that the publicly available copy of the Settlement Agreement is redacted of the dollar amounts to be paid by Defendants.  The Settlement Agreement also contains a provision concerning confidentiality and the sealing of filings and hearings (ECF No. 76, ¶ 15), but those matters are subject to the Court's approval and the hearing was not sealed.  For the reasons stated during the hearing, under the facts and circumstances of this case, including the fact that the Settlement Agreement goes beyond the FLSA case currently before the Court, the FLSA's public policy is fulfilled by granting public access to the redacted Settlement Agreement.  *See Baker*, 2014 WL 700096 at *2 (citing *Dees*, 706 F. Supp. 2d at 1244-45 (noting the importance of public access to settlement agreements in FLSA cases)).  Accordingly, the Settlement Agreement does not undermine the FLSA's purposes.

In summary, on this record, the Court finds the Settlement Agreement is fair and reasonable.

### C. Attorneys' Fees

The Court must consider whether the employee's FLSA claim "has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise." *Dorismond v. Wyndham Vacation Ownership, Inc.*, Case No. 14-CV-63, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014) (internal citation omitted).  The settlement was the result of an experienced mediator's proposal as to what is a fair settlement figure.  There is also no evidence Plaintiff's claim was or will be compromised by the deduction of fees and costs.  In light of these facts, and that the proposed payment of attorney's fees and costs is slightly less than one-third of the settlement fund, the Court finds that the payment of the requested fees and costs does not compromise Plaintiff's FLSA claim.

**IV.    CONCLUSION**

Based on the foregoing, the Court:

(1)    **GRANTS** the Joint Motion for Approval of Settlement Agreement (ECF No. 71);

(2)    **ORDERS** the parties to provide a copy of this Order with the Notice of Settlement to be mailed to the "Settlement Class" as identified in Exhibit C to the Settlement Agreement;

(2)    **ORDERS** Plaintiff to file dismissal papers in accordance with the Settlement Agreement; and

(3)    **ORDERS** that, if this case has not otherwise been dismissed, within 120 days of the date of this Order, the parties shall file a joint status report.

DATED this 17th day of March, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge